Follett, J.
At 10:35 p. m., September 16, 1885, defendant’s locomotive ran over and instantly killed Joseph H. Mooney at the junction of Orange and Railroad streets in the city of Syracuse. Decedent was an unmarried man, eighteen years of age. He left a father, his “ next of kin, ” for whose benefit this action was brought.
Defendant’s railroad, consisting of two tracks, runs east and west in Washington or Railroad street. Orange street runs north and south, crossing Washington street. The locomotive, known as a switch-engine, was used for drawing cars from East Syracuse to Syracuse station. The accident occurred.while this locomotive was backing west, on the south track, drawing a caboose attached to its head. The speed of the locomotive was from six to seven miles-per hour. It hou a head-light which shone towards the-west. Whether there ivas a light on the end of the tender, exposing that which was temporarily the forward end or the locomotive, wras a disputed fact.
This was about the only important fact upon which the witnesses disagreed. There was no disagreement as to the-' speed of the locomotive. When this locomotive w-as cross *207 ing Orange street, on the south track, a passenger train, consisting of a locomotive, baggage car and two passenger coaches, crossed the street, running west on the north track. Welch testified: “ When the front end of the other train (locomotive and caboose) struck that crossing, I think the rear end of the passenger train was about half way over the crossing.” There is no conflict in the evidence about this fact. Plaintiff’s witness Owen testified that he parted with decedent at the door of a house immediately preceding the accident. “ As I went to the doorway with, him (decedent) I did not hear the ringing of the bell upon this engine, which subsequently went over him. After he had gone, I heard the ringing of a couple of bells. After' we had shut the door and gone back into the house, I heard two bells ringing distinctly, so that I could have told there were two trains passing the crossing; that was after he was gone and I was back in the house; it wasn’t over two or three minutes after he had gone; somewhere between a minute and two or three minutes; I did not hear the noise of a. couple of trains passing; nothing more that I can remember than the bells; I heard the two bells ringing; ringing at about the crossing of Orange street there; that is where I took it to be that night; I took it there were two trains crossing there at the same time; and I heard the ringing of both bells, although our doors and windows were shut; when Steele came back and told me that there had been an accident, then I started down to the place of the accident.” All of the witnesses agree that the bell upon this locomotive was ringing. Plaintiff’s witness Welch (a drug clerk), describes the movement of the locomotives very clearly. He says:
Cross-examination by Mr. Hiscock: “When I first saw this engine and caboose coming towards me, I was standing-on Market street; about 100 yards from the railroad crossing; Market street is the street just east of the city hall,” and I was standing about 100 yards from the engine and caboose; then I started to get onto it; I struck the railroad track, right on the east side of Market street, as the hind end of the caboose came to it; as I got there the hind end of the caboose had got up there; this engine was backing down and drawing the caboose after it.
“ Q. And you were able to see the engine and locomotive 100 yards off, you say?
A. I wasn’t looking down Market street, for I didn’t pay any attention till I heard the noise of the bell ringing, when I started; I heard the bell upon this locomotive ringing as it came down there. It was ringing loudly enough to attract my attention at 100 yards, and then I looked up and was able to see the engine and caboose there on the *208 track; when I first noticed the engine arid caboose, it was just crossing the east line of Montgomery street, which is the next street west of Market street, and the fourth street from Orange, which crosses Railroad street.
Q. At that distance you were able to see it distinctly?
A. Yes, sir.
Q. At the distance of 100 yards you were able to see it distinctly moving along the track?
A. Yes, sir. I say I was at least 100 yards off when I saw this locomotive and caboose, and saw it coming along there and heard the bell ringing, and I got on to it at the east line of Market street, and went along down eastward on that track.
Q. And the bell ringing all the way?
A. It was; yes, sir.
Q. The bell was ringing the whole distance down there to the time of the accident, wasn’t it?
A. Yes, sir.
Q. And your caboose and engine were moving very slowly indeed?
A. Yes, sir.
Q. Not more than five or six miles an hour were they, in your judgment?
A. Moving a little faster than a person could walk.
No witness contradicts this statement. Burns, sworn for the plaintiff, testified that if he had paid attention he could have seen a locomotive without lights eight rods away.
After reading the whole case, the conclusion irresistibly forced upon our minds is that the decedent’s negligence was the cause of his death. The two tracks of this road were but six feet and nine inches apart. It is not claimed that there was not a head-light upon the locomotive of the passenger train which met the offending locomotive just west of Orange street. The undisputed evidence is that the head-light of a locomotive lights the road 150 to 200 feet in advance, and had decedent, when near the south track, looked, he would have seen both locomotives, or if he had listened he would have heard the bells of both. Whether he did not see the locomotive, or seeing it, attempted to cross in front of it and stumbled, or miscalculated its speed, cannot be known; but in either case he was negligent, and for this reason the plaintiff was rightfully non-suited.
The appellant does not complain of the rulings admitting or excluding evidence.
The judgment is affirmed, with costs.
Hardin, P. J., concurs.